**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GEORGE R. DOWLER, #283-884, <br>       Plaintiff, <br><br> v. <br><br> MARY ANN SAAR, et al., <br>       Defendants. | * <br><br> * <br><br>     CIVIL ACTION NO. RWT-05-2847 <br> * <br><br> * <br> ****** |

**MEMORANDUM OPINION**

On October 17, 2005, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. §1983, seeking compensatory damages and declaratory relief. Counsel for Defendants has filed a dispositive motion (Paper No. 12) which shall be treated as a Motion for Summary Judgment. Plaintiff has not filed a response.[1] No hearing is needed to resolve the question as to whether Plaintiff is entitled to relief in this case. *See* Local Rule 105.6 (D. Md. 2004).

**1. Factual Background**

Plaintiff claims that Defendants enforce Division of Correction regulations, the Administrative Remedy Procedure, and other corrections "manuals" which were not enacted in accordance with the Maryland Administrative Procedure Act. He states that the utilization of these directives and regulations violate his rights to due process and equal protection. (Paper No. 1).

**2. Standard of review**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[1] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on January 31, 2006, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 13). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (Id.)

242, 248 (1986); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. See Halperin v. Abacus Tech. Corp.,128 F.3d 191, 196 (4th Cir. 1997) (citing Anderson, 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson, 477 U.S. at 248; Allstate Fin. Corp. v. Financorp, Inc., 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. Anderson, 477 U.S. at 252.

**A.     Due Process**

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits, he is entitled to certain due process protections. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U. S. at 564-571. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985).

The uncontroverted records reveal that during Plaintiff's entire term of incarceration he was never subject to the loss of good conduct credits as a result of disciplinary proceedings. (Paper No. 12, Ex. 1). Accordingly, Plaintiff's due process rights were not violated in being subjected to disciplinary proceedings that may have been promulgated in contravention of state law.

**B.     Equal Protection**

While the equal protection principles embodied in the Due Process Clause of the Fifth Amendment essentially direct "that all persons similarly situated should be treated alike," Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), where as here, no suspect class or

fundamental right is implicated, the government may avoid violating equal protection principles if it can demonstrate that its reasons for treating an individual differently bear some rational relationship to a legitimate state purpose.  See Schweiker v. Wilson, 450 U.S. 221, 230 (1981); Moss v. Clark, 886 F. 2d 686, 690 (4th Cir. 1989).  Plaintiff has failed to allege, much less demonstrate, that he is being treated differently than any other state inmate.  As such, his equal protection claim fails.

### 3. Conclusion

Given the foregoing, Defendants are entitled to summary judgment in this case.  A separate Order shall be entered in accordance with this Memorandum Opinion.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE